UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DOLORES RUIZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No.  1:23-cv-00826-CDB (SS)<br><br>ORDER ON STIPULATION FOR AWARD OF ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS<br><br>(Doc. 18) |

　　　　Pending before the Court is the parties' stipulated motion for award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  (Doc. 18).  The parties agree to an award of attorney's fees to counsel for Plaintiff Maria Dolores Ruiz ("Plaintiff"), Jacqueline Anna Forslund, in the amount of $12,500.00 pursuant to the EAJA, 28 U.S.C. § 2412(d), and $402.00 in costs under 28 U.S.C. § 1920. *Id.*

　　　　On December 4, 2023, the Court entered an order on the parties' stipulation to grant voluntary remand and remanded this matter to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 16).  Judgment was entered the same day. (Doc. 17).  On February 26, 2024, Plaintiff filed the pending stipulated motion for attorney fees. (Doc. 18).

　　　　Plaintiff requests an award of attorney fees and expenses as the prevailing party.  *Id*.; *see Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who prevails in a

sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party).  Plaintiff's request is timely.  *Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007).

The EAJA provides for an award of attorney fees to private litigants who both prevail in civil actions (other than tort) against the United States and timely file a petition for fees.  28 U.S.C. § 2412(d)(1)(A).  Under the EAJA, a court shall award attorney fees to the prevailing party unless it finds the government's position was "substantially justified or that special circumstances make such an award unjust."  *Id*.  Here, the government did not show its position was substantially justified and the Court finds there are no special circumstances that would make an award unjust.  Moreover, the government does not oppose Plaintiff's stipulated request.  (Doc. 18).  *See Sanchez v. Berryhill*, No. 1:16-cv-01081-SKO, 2018 WL 509817, at *2 (E.D. Cal. Jan. 23, 2018) (finding position of the government was not substantially justified in view of the Commissioner's assent to remand); *Knyazhina v. Colvin*, No. 2:12-cv-2726 DAD, 2014 WL 5324302, at *1 (E.D. Cal. Oct. 17, 2014) (same).

Plaintiff requests an award of $12,500.00 in EAJA fees.  (Doc. 18  ).  The Ninth Circuit maintains a list of the statutory maximum hourly rates authorized by the EAJA, adjusted for increases in the cost of living, on its website.  *See Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005).  Even assuming Plaintiff's counsel seeks the published maximum hourly rate for 2023 ($244.62),[1] the requested award would amount to approximately 51 hours of attorney time (not accounting for any paralegal time expended).  The Court has reviewed the docket and finds this reasonable and commensurate with the number of hours an attorney reasonably would need to have spent reviewing the certified administrative record in this case (over 1,570 pages) and preparing a motion for summary judgment raising seven issues for review.  (Doc. 13).  With respect to the results obtained, Plaintiff's counsel obtained a favorable judgment remanding the case for further administrative proceedings.  (Docs. 16-17).

Under the EAJA, the Court also may award a judgment of costs to the prevailing party. 28 U.S.C. § 2412(a)(1) (citing 28 U.S.C. § 1920).  Costs include, among other things, court filing

---

[1] *Statutory Maximum Rates Under the Equal Access to Justice*, available at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited February 27, 2024).

fees. *See* 28 U.S.C. § 1920; *Armstrong v. Astrue,* No. CIV-S-07-1456-DAD, 2008 WL 2705023, at *2 (E.D. Cal. Jul. 9, 2008) (granting prevailing plaintiff's request for reimbursement of filing fee).

EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset Program ("TOP"), as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010). If the Commissioner determines upon effectuation of this order that Plaintiff's EAJA fees are not subject to any offset allowed under the TOP, the fees shall be delivered or otherwise transmitted to Plaintiff's counsel.

Accordingly, it is HEREBY ORDERED:

1. Plaintiff's stipulated request for attorney's fees pursuant to the EAJA (Doc. 18) is GRANTED;

2. The Commissioner is directed to pay to Plaintiff as the prevailing party attorney fees in the amount of $12,500.00 as authorized by 28 U.S.C. § 2412, and costs in the amount of $402.00 pursuant to 28 U.S.C. § 1920; and

3. Unless any offsets are applied under TOP, the government shall make payment of the fees to Plaintiff's counsel, Jacqueline Anna Forslund, in accordance with Plaintiff's assignment of fees and subject to the terms of the stipulation.

IT IS SO ORDERED.

Dated: **February 27, 2024**

_____
UNITED STATES MAGISTRATE JUDGE